**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0910-24

HOMERO MENDOZA,

    Plaintiff-Appellant,

v.

OUR POOL COMPANY OF NJ
INC. and ELEANOR DAVIS,

    Defendants-Respondents,

and

LITTLE GIANT PUMP
COMPANY LLC,

    Defendant.

_____

Submitted June 30, 2026 – Decided July 27, 2026

Before Judges Natali and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-1464-22.

Ameri Law Firm, attorneys for appellant (Nima Ameri, on the brief).

Burke & Potenza, attorneys for respondent Eleanor Davis (John Burke, of counsel and on the brief).

PER CURIAM

Plaintiff Homero Mendoza appeals from the court's order granting defendant Eleanor Davis's summary judgment application and dismissing his negligence-based personal injury complaint.  We affirm.

We summarize the facts from the summary judgment record, viewing them in a light most favorable to plaintiff.  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).  In June 2021, while he was employed as a pool technician by Aqua Pools, Inc., plaintiff went to defendant's Mahwah residence to open her pool, which had been closed by a different company, Our Pool Company of NJ, Inc. (Our Pool), in the Fall of 2020.  According to plaintiff, during the process of opening the pool, the filter body of the filtration system exploded, seriously injuring his face and head.

Plaintiff sued defendant, along with Our Pool and Little Giant Pump Company, LLC.  He asserted their negligence in failing to safely maintain the premises and pool equipment and properly close the pool in the Fall of 2020, created a dangerous condition that caused his injuries.

Defendant denied all material allegations of the complaint.  After a period of discovery, and plaintiff's unsuccessful arbitration against her, defendant

2

moved for summary judgment and maintained the motion record failed to create a genuine and material issue of fact regarding her negligence, and plaintiff failed to support any of his claims with a necessary expert report that established her liability.

In support, she attested that at no time did she ever touch the pool, its filter, or pump between the time it was serviced by Our Pool in the Fall of 2020 and Aqua Pools in the Spring of 2021. She further certified that she merely hired two companies to perform the work and did not participate in the closing or opening of the pool. In addition, she maintained she did not give workers "directions or instructions . . . [nor] did she tell them how to do their jobs or how to perform their work . . . [and] did not provide the workers from either company with tools or supplies."

Plaintiff opposed defendant's motion and primarily relied on an OSHA investigation report prepared after the incident. The report stated six chlorine tablets had been left in a chlorinator vessel attached to the filtration system, causing "off-gassing back into the system and, coupled with pre-season temperatures, caused a buildup of chlorine gas within the filter body which had not been relieved by an air pressure valve." The report further concluded that the gas buildup was caused by the lack of water and appeared to be "cooking"

3

within the system for some time. It also determined plaintiff failed to open the pressure relief valve which would have permitted the gas to escape.

Those conditions, according to plaintiff, existed for such an extended period of time that defendant should have discovered it, especially if an odor was emitted, thereby creating a triable issue of fact with respect to her knowledge of a dangerous condition. As to the absence of an expert report, plaintiff's counsel certified they were unable to locate a liability expert with appropriate expertise despite contacting "nationwide expert companies."

After considering the parties' written submissions and oral arguments, the court granted defendant's application, dismissed the complaint with prejudice, and explained its decision in a comprehensive oral decision. The court first found the following undisputed facts: 1) defendant hired Our Pool to close the pool in 2020 and Aqua to open it in 2021, and 2) she "did not touch the pool or its filter and pump at any time between when the pool was closed in the Fall of 2020 and June 2, 2021" but instead "simply hired the two companies to perform the work" and "was not involved in any way in either closing or opening the pool." Next, it relied on Long v. Landy, 35 N.J. 44, 54 (1961), for the well-settled legal proposition that "[n]egligence cannot merely be presumed. Instead,

it must be sustained by proof of circumstances from which defendant's want of due care is a legitimate inference."

The court also noted that plaintiff failed to retain a liability expert, discovery had closed, and a previous judge had denied plaintiff's request to extend the discovery deadline. Applying Brill, the court determined that "plaintiff . . . failed to proffer any competent factual support" to support the claim defendant "breached her duty of care to the plaintiff by failing to guard the plaintiff from a defective condition, which the defendant knew or should have known existed on the premises." The court specifically addressed and rejected plaintiff's contention that a reasonable homeowner would have detected the chlorine odor which would have placed her on constructive notice of a dangerous condition because there was no competent evidence that she could or should have smelled any fumes.

Before us, plaintiff maintains the court erred in granting summary judgment and failed to provide him with all favorable inferences because he presented sufficient evidence in the motion record that created genuine issues of material fact that, as a business invitee, he was owed a duty of care by defendant, which included her obligation to be aware of and correct dangerous conditions on her property. He again relies on the OSHA investigation report which he

A-0910-24

maintains supports his contention that chlorine tablets left in the filtration system and a resulting buildup of chlorine gas caused the explosion. He contends the findings in the report created a factual question sufficient to deny summary judgment as to whether defendant had constructive notice of a dangerous condition because the gas buildup "may have also caused an odor to emanate from the system."

Plaintiff also maintains the issue of whether defendant "could have or should have detected that there was something wrong with any of the equipment or anything . . . wrong with the way that the pool was being reopened" was a jury question and points out that co-defendant, Our Pool, also opposed defendant's summary judgment application. Finally, plaintiff argues that the absence of an expert report should not have been dispositive, as the OSHA report provided sufficient evidence to raise a triable issue of fact regarding the existence of a dangerous condition and defendant's potential notice of it. We disagree with all of plaintiff's arguments.

We first address the standards of review that guide our analysis, followed by the applicable substantive legal principles. We review the disposition of a summary judgment motion de novo, applying the same standard used by the motion judge. Townsend v. Pierre, 221 N.J. 36, 59 (2015). Like the motion

6

judge, we view "'the competent evidential materials presented . . . in the light most favorable to the non-moving party, [and determine whether they] are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.'" Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting Brill, 142 N.J. at 540); see also R. 4:46-2(c).

A party cannot defeat a properly supported motion for summary judgment with bare conclusions lacking factual support, Petersen v. Twp. of Raritan, 418 N.J. Super. 125, 132 (App. Div. 2011), self-serving statements, Heyert v. Taddese, 431 N.J. Super. 388, 414 (App. Div. 2013), or disputed facts "of an insubstantial nature," Pressler & Verniero, Current N.J. Court Rules, cmt. 2.1 on R. 4:46-2 (2025). If "the evidence 'is so one-sided that one party must prevail as a matter of law,'" courts will "not hesitate to grant summary judgment." Brill, 142 N.J. at 540 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

A plaintiff bears the burden to prove negligence, which is never presumed. Khan v. Singh, 200 N.J. 82, 91 (2009). "[T]he mere showing of an accident causing the injuries sued upon is not alone sufficient to authorize an inference of negligence." Vander Groef v. Great Atl. & Pac. Tea Co., 32 N.J. Super. 365, 370 (App. Div. 1954) (quoting Hansen v. Eagle-Picher Lead Co., 8 N.J. 133,

7

139-40 (1951)).  In order to establish defendants' negligence, plaintiffs must establish:  "(1) a duty of care, (2) breach of that duty, (3) actual and proximate causation, and (4) damages."  Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013).

Our Supreme Court has stated, "[i]n ordinary negligence actions, . . . [t]he applicable standard of conduct" is left to the jury which, in such a case, "is competent to determine what precautions a reasonably prudent [person] in the position of the defendant would have taken."  Fernandes v. DAR Dev. Corp., 222 N.J. 390, 404 (2015).  "In some cases, however, the collective experience of the jury is not sufficient to measure the defendant's conduct."  Id. at 404-05 (citing Sanzari v. Rosenfeld, 34 N.J. 128, 134-35 (1961)).  In those cases where jurors' collective experience renders them incompetent to determine the applicable precautions due by a person in the defendant's position, "the plaintiff must establish the standard of care governing the defendant's conduct and the deviation from that standard through reliable expert testimony."  Id. at 405 (citing Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 407 (2014)).  In determining whether expert testimony is necessary to establish the necessary elements of a cause of action, a court must consider "whether the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot

8

form a valid judgment as to whether the conduct of the [defendant] was reasonable." Davis, 219 N.J. at 407 (alteration in original) (quoting Butler v. Acme Mkts., Inc., 89 N.J. 270, 283 (1982)).

Further, a "jury should not be allowed to speculate without the aid of expert testimony in an area where laypersons could not be expected to have sufficient knowledge or experience." Kelly v. Berlin, 300 N.J. Super. 256, 268 (App. Div. 1997) (quoting Biunno, Current N.J. Rules of Evidence, cmt. 2 on N.J.R.E. 702 (1996-1997)). In contrast, where "a layperson's common knowledge is sufficient to permit a jury to find that the duty of care has been breached," an expert is not required. Davis, 219 N.J. at 407 (quoting Giantonnio v. Taccard, 291 N.J. Super. 31, 43 (App. Div. 1996)). That is because "some hazards are relatively commonplace and ordinary and do not require the explanation of experts in order for their danger to be understood by average persons." Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 450 (1993).

Applying these principles, we conclude from our de novo review of the record, viewed in a light most favorable to plaintiff, that the motion record failed to create a triable question of fact regarding defendant's negligence and affirm substantially for the reasons expressed in the court's thorough and well-reasoned oral opinion. We provide the following brief comments to amplify our decision.

9

First, we agree with the court that plaintiff's negligence-based claims against defendant lack competent support in the record. It was undisputed based on defendant's unrebutted certification that she merely hired two different pool companies to open and close her pool. She did not instruct the employees regarding their duties, provide them with materials, have any involvement in their operations, or possess any information that either company or its employees were not competent and capable of performing their normal and usual job responsibilities.

More specifically, there was no evidence that defendant left the chlorine tablets in the filter or otherwise failed to maintain any part of the pool's operating system. And there were certainly no proofs, other than plaintiff's counsel's unsupported assertions as the court correctly observed, that chlorine gas was ever emitted from the filtration system or that defendant smelled it or was capable of doing so. In fact, plaintiff's only proofs, the OSHA report with all its hearsay-laden concerns, does not conclude otherwise and actually points to plaintiff's errors as a potential contributing cause of the incident, not any actions or inactions of defendant.

Second, plaintiff's claims against defendant required expert proofs as they involve, among other complex issues, an understanding of the precise cause of

10

the explosion to support plaintiff's claim defendant should have been aware of a latent dangerous condition, as well as the applicable standard of care owed by a residential homeowner to a third party because the proper standard of care applicable to defendant, and any breach is not "commonplace," Hopkins, 132 N.J. at 450, and given the complexity of the cause of the explosion, as well as any indicia of a dangerous condition, this case is not one where "the collective experience of the jury is . . . sufficient to measure the defendant's conduct." Fernandes, 222 N.J. at 404. That expert, be it an engineer, or pool equipment specialist, would need to detail for the jury and the court the chemical reaction that caused the explosion and explain how the lack of water effected the dormant chlorine tablets resulting in pressure buildup to establish that the explosion was not caused by a mechanical defect or if it involved the negligence of a third party.

In addition, an expert with experience in chemical odors would necessarily need to opine on the thresholds for chlorine gas and at what extent it would be noticeable by a residential homeowner or someone in the regular vicinity of the filter. Of course, such an expert would also need to explain if such an odor could be detected in a closed system like the one here. Leaving the jury to opine on the standard of care and any breach would therefore invite

11

the jury "to speculate without the aid of expert testimony in an area" that is highly technical and about which "laypersons could not be expected to have sufficient knowledge or experience." Kelly, 300 N.J. Super. at 268.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-0910-24